UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HENRY B. WILLIAMS, JR., | ) C/A No. 3:05-2943-PMD-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| JOANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

The plaintiff, Henry B. Williams, Jr. ("Plaintiff"), proceeding *pro se*, files this social security appeal. Plaintiff is proceeding without payment of fees, *in forma pauperis,* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to timely file the appeal.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." §

1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## Discussion

The Federal Government provides benefits to disabled persons under two programs administered by the Social Security Administration ("SSA"). The Social Security Disability Insurance Program ("SSD") was established by Title II of the Social Security Act (the "Act"), 49 Stat. 622 (codified at 42 U.S.C. § 402 *et seq.*) and pays benefits to disabled persons who have contributed to the program and suffer from a mental or physical disability. The Supplemental Security Income Program ("SSI") was established by Title XVI of the Act, 86

Stat. 1465 (codified at 42 U.S.C. § 1318 *et seq.*) and provides benefits to indigent disabled persons.

In order to apply for benefits under the Act, a claimant must first submit an application to the SSA. The initial disability determination is made by a state agency acting under the authority and supervision of the Commissioner of Social Security (the "Commissioner"). 42 U.S.C. §§ 421(a), 1383b(a); 20 C.F.R. §§ 404.1503, 416.903. If the state agency denies the disability claim, the claimant may pursue a three-stage administrative review process:

1. The determination is reconsidered *de novo.* §§ 404.909(a), 416.1409(a).

2. The claimant is next entitled to a hearing before an administrative law judge ("ALJ"). 42 U.S.C. §§ 405(b)(1), 1383(c)(1); 20 C.F.R. §§ 404.929, 416.1429.

3. The claimant may seek review by the Appeals Council. 20 C.F.R. §§ 404.967 *et seq.*, 416.1467 *et seq.*

*See generally* Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Only when a claimant has exhausted these administrative remedies, may he then seek review in federal district court.

Judicial review of a final administrative decision is provided in 42 U.S.C. § 405(g), which states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action **commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.** [emphasis added].

3

The Complaint reveals that Plaintiff is seeking review of an Administrative Law Judge decision rendered in July 2002. The Complaint states as the claim, verbatim:

> The decision rendered by the Law Judge, dated July 23, 2002, titled, "Partially Favorable" failed to consider the initial date of application, July 16, 1996. Thereby, I was deprived of years of Disability Insurance Benefits. The partially favorable decision was based on age, (age discrimination) ignoring the onset of disabling injury for which for which the initial application was filed.

Plaintiff filed this civil action for judicial review on October 17, 2005, more than three years after the decision of the Administrative Law Judge. The Complaint provides no explanation for the delay in filing an appeal beyond the allowed sixty days, and makes no allegation that the SSA has allowed an extension of time to file for judicial review. The Complaint should be dismissed for failure to timely file the request for judicial review.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

October 31, 2005
Columbia, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**