IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| HENRY B. WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 3:05-2943-PMD-JRM |
| ) | |
| JOANNE BARNHART, ) | **ORDER** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon Plaintiff Henry B. Williams, Jr.'s ("Williams") social security appeal. The record includes a Report and Recommendation ("R&R") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), recommending that Plaintiff's case be dismissed for failure to timely file his request for judicial review. Plaintiff timely objected to the Magistrate Judge's recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R&R within ten days after being served with a copy).

## BACKGROUND

On October 17, 2005, Plaintiff Williams, proceeding *pro se*,[1] filed his Complaint seeking judicial review of an Administrative Law Judge's decision rendered in July of 2002. In his Complaint, Williams states:

> The decision rendered by the Law Judge, dated July 23, 2002, titled "Partially Favorable" failed to consider the initial date of application, July 16, 1996. Thereby, I was deprived of years of Disability Insurance Benefits. The partially favorable

---

[1] As a threshold matter, Williams is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978).

> decision was based on age (age discrimination) ignoring the onset of disabling injury for which the initial application was filed.

(Compl. at 3.) Nowhere in his Complaint does Williams provide any explanation for the more than three-year delay in filing his appeal.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the present case, the R&R recommends dismissal of Plaintiff's Complaint without prejudice and without issuance of service of process for failure to timely file. After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge accurately summarized the pertinent facts and applicable law, and correctly recommended dismissal of Plaintiff's Complaint.

## DISCUSSION

Title II of the Social Security Act ("the Act"), 49 Stat. 620, provides for the payment of benefits to persons who have contributed to the program and suffer from a physical or mental disability. *See* 42 U.S.C. § 402 *et seq.*; *see generally Bowen v. Yuckert*, 482 U.S. 137 (1987). Title XVI of the Act establishes the Supplemental Security Income Program ("SSI") and provides benefits to indigent disabled persons. *See* 42 U.S.C. § 1318 *et seq.* Both titles of the act define "disability" as the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A state agency acting under the authority of the Commissioner of Social Security makes the initial disability determination by following a five-step inquiry.[2] *See* 42 U.S.C. §§ 421(a), 1383b(a); 20 CFR §§ 404.1503, 416.903 (1986).

> If the state agency denies the disability claim, the claimant may pursue a three-stage administrative review process. First, the determination is reconsidered *de novo* by the state agency. Second, the claimant is entitled to a hearing before an administrative law judge (ALJ) within the Bureau of Hearings and Appeals of the Social Security Administration. Third, the claimant may seek review by the Appeals Council. Once the claimant has exhausted these administrative remedies, he may seek review in federal district court.

*Bowen*, 482 U.S. at 141 (citations omitted). Moreover, 42 U.S.C. § 405(g) provides the following:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action *commenced within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

---

[2] The five-step inquiry is as follows:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

42 U.S.C. § 405(g) (emphasis added).

In the case *sub judice*, Plaintiff Williams seeks judicial review of an Administrative Law Judge's decision rendered in July of 2002. As previously mentioned, nowhere in his Complaint does Williams explain his delay in filing beyond the 60-day period, and he makes no allegation that he was granted an extension in filing. Thus, the Magistrate Judge recommended dismissal of the Complaint. However, Williams objected to the Magistrate's R&R, stating:

> My objection is based on the premise that after the July 23, 2002 decision was rendered, a right to file review was submitted and filed within the sixty (60) day time period. The Social Security Administration['s] response to my request was <u>delayed for a period of more than three years</u> and was in fact not received until less than sixty (60) days prior to my filing for a request of judicial review.

(Obj. at 1.) (emphasis in original). After a review of the record, the court concludes that this objection does not save Plaintiff's Complaint from dismissal.

First, Plaintiff alleges that he submitted a "right to file review" within the 60-day time period.[3] However, Plaintiff does not include any evidence of this alleged "right to file review," and it is not clear whether Plaintiff filed this request with the Appeals Council or with some other entity.[4] Plaintiff also alleges that the Social Security Administration did not respond to him for more than

---

[3] It is not clear what constitutes a "right to file review," but the court will give this language a liberal construction.

[4] As outlined above, the three-step process for seeking administrative review requires a claimant to seek review of an Administrative Law Judge's decision by the Appeals Council, and only upon exhaustion of this three-step process may a claimant seek review in a federal district court. In his Complaint, Williams seeks review of an Administrative Judge's decision, and in his objections, Williams asserts that he submitted a "right to file review." However, it is not clear with whom Williams submitted this "right to file review" or whether he ever actually sought review with the Appeals Council. If Williams in fact failed to seek review with the Appeals Council before filing his Complaint in this court, then he failed to exhaust his administrative remedies, and the Court must dismiss his Complaint.

4

three years, but he does not provide the court with any proof of this self-serving assertion.[5]  In light of the aforementioned, and without further proof of Plaintiff's conclusory and vague allegations, this court concludes that Plaintiff is unable to pursue review in this court due to his failure to timely file and/or his failure to exhaust administrative remedies.

## CONCLUSION

It is, therefore, **ORDERED**, for the foregoing reasons that Plaintiff's Complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**December 27, 2005**

---

[5] Williams states that he has correspondence from the Social Security Administration that will verify his claim; however, he does not explain what the correspondence is or provide the court with copies of this correspondence.  Therefore, without further evidence or elaboration, Plaintiff's conclusory and unsubstantiated allegations cannot save his Complaint from dismissal for failure to timely file and/or failure to exhaust administrative remedies.